UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARMAYL CRAWFORD,<br><br>                      Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>                      Defendant. | Case No.: 15cv02151 JAH-BLM<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br>**[Doc. Nos. 16, 19]** |

## INTRODUCTION

Aarmyl Crawford ("Plaintiff"), filed this action seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("Defendant") denying Plaintiff's claim for Supplemental Security Income disability benefits pursuant to 42 U.S.C. section 1383(c).

Plaintiff filed a motion for summary judgment seeking reversal or remand of the Defendant's decision. Defendant filed a cross-motion for summary judgment and opposition to Plaintiff's motion for summary judgment. Plaintiff filed a reply in support of his motion for summary judgment. After a thorough review of the parties' submissions, along with the entire record submitted in this matter, and for the reasons set forth below,

this Court DENIES Plaintiff's motion for reversal or remand of the Commissioner's administrative decision, and GRANTS Defendant's cross-motion for summary judgment.

## BACKGROUND

### I. Factual Background

Plaintiff, who was born on October 20, 1967, is currently 49 years of age. AR[1] at 213. He has past relevant work experience in construction and alleges he has been disabled since June 24, 2011. AR at 74-75, 213.

### II. Procedural Background

On December 22, 2008, Plaintiff filed an application for disability insurance benefits and an application for supplemental security income alleging a disability beginning December 8, 2007. AR at 88. Following a hearing, an administrative law judge ("ALJ") issued an unfavorable decision on June 23, 2011. AR at 85. Plaintiff did not seek further review.

On January 7, 2013, Plaintiff filed an application for supplemental security income asserting a disability beginning June 24, 2011. AR at 213. The Commissioner of the Social Security Administration denied the claim on May 24, 2013, and again denied the claim upon reconsideration on November 5, 2013. AR at 136, 143. Plaintiff filed a request for a hearing, and appeared and testified at the hearing on February 26, 2015. AR at 71, 149. The ALJ issued an unfavorable decision on April 3, 2015. AR at 39. Plaintiff filed a request for review of the ALJ's decision and the Appeals Council denied the request. AR at 1-4.

Plaintiff filed the instant complaint on September 28, 2015. See Doc. No. 1. Defendant filed an answer on December 14, 2015. See Doc. No. 13. Thereafter, Plaintiff filed the pending motion seeking reversal or remand of the Commissioner's administrative and Defendant filed a cross-motion for summary judgment and opposition. See Doc. Nos.

---

[1] AR refers to the administrative record lodged with this Court.

16, 19. Plaintiff filed a reply brief in opposition to Defendant's cross-motion for summary judgment. See Doc. No. 21.

## DISCUSSION

**I.  Legal Standards**

**A.  Qualifying for Disability Benefits**

To qualify for disability benefits under the Act, an applicant must show that: (1) he suffers from a medically determinable impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and (2) the impairment renders the applicant incapable of performing the work that he previously performed or any other substantially gainful employment that exists in the national economy. See 42 U.S.C. § 423(d)(1)(A), 2(A). An applicant must meet both requirements to be "disabled." Id.

The Secretary of the Social Security Administration has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines whether the claimant is engaged in "substantial gainful activity." If he is, disability benefits are denied. 20 C.F.R. §§ 404.1520(b), 416.920(b). If he is not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments.

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the impairment is severe, the evaluation proceeds to the third step, which determines whether the impairment is equivalent to one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d); 20 C.F.R. Part 404 Appendix 1 to Subpart P. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If a condition "falls short of the [listing] criterion" a multiple factor analysis is appropriate. Celaya v. Halter, 332 F.3d 1177, 1181 (9th Cir. 2003). Of such analysis, "the Secretary shall consider the combined effect of all the individual's impairments without regard to whether any such

impairment, if considered separately, would be of such severity." Id. at 1182 (quoting 42 U.S.C. § 423(d)(2)(B)).

If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work she has performed in the past. If the claimant cannot perform her previous work, the fifth and final step of the process determines whether she is able to perform other work in the national economy considering her age, education, and work experience. The claimant is entitled to disability benefits only if she is not able to perform other work. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

**B.     Judicial Review of an ALJ's Decision**

Section 405(g) of the Act allows unsuccessful applicants to seek judicial review of a final agency decision of the Commissioner. 42 U.S.C. § 405(g). The scope of judicial review is limited. The Commissioner's denial of benefits "will be disturbed only if it is not supported by substantial evidence or is based on legal error." Brawner v. Secretary of Health and Human Servs., 839 F.2d 432, 433 (9th Cir. 1988) (citing Green v. Heckler, 803 F.2d 528, 529 (9th Cir. 1986)).

Substantial evidence means "more than a mere scintilla" but less than a preponderance. Sandgathe v. Charter, 108 F.3d 978, 980 (9th Cir. 1997)(citation omitted). "[I]t is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)). The Court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusions. Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 576 (9th Cir. 1988)(citing Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985)). If the evidence supports more than one rational interpretation, the Court must uphold the ALJ's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984)(citing Allen v. Secretary of Health and Human Servs., 726 F.2d 1470, 1473 (9th Cir. 1984). When the evidence is inconclusive, "questions of credibility and resolution of

4

15cv02151 JAH-BLM

conflicts in the testimony are functions solely of the Secretary." Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

However, even if the reviewing court finds that substantial evidence supports the ALJ's conclusions, the Court must set aside the decision if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching a decision. See Benitez v. Califano, 573 F.2d 653, 655 (9th Cir. 1978). Section 405(g) permits a court to enter a judgment affirming, modifying, or reversing the Commissioner's decision. 42 U.S.C. § 405(g). The reviewing court may also remand the matter to the Social Security Administrator for further proceedings. Id. "If additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990) (quoting Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981)).

## II. The ALJ's Decision

In the present case, the ALJ found Plaintiff had not engaged in substantial gainful activity since December 30, 2012, and has severe impairments, including a cognitive disorder and mood disorder with anxiety, that cause more than minimal limitations on Plaintiff's ability to perform basic work activities. AR at 44, 45. The ALJ determined Plaintiff does not have an impairment or combination of impairments that meet or are medically equal in severity to one of the listed impairments in 20 CFR Part 404 Subpart P, Appendix 1. Id. In making this determination, the ALJ found Plaintiff has no restrictions in daily living, moderate difficulties in social functioning and moderate difficulties in concentration, persistence or pace. Id. Additionally, the ALJ found the evidence did not document any episodes of decompensation of extended duration within the period at issue, and there was no evidence to suggest a complete inability to function independently outside the area of one's home. Id.

The ALJ found Plaintiff has the residual functional capacity to perform a full range of work at all exertional levels but with the non-exertional limitation of simple repetitive work tasks in a non-public work environment. Id. at 46. In making the finding, the ALJ

considered all symptoms and the extent the symptoms can reasonably be accepted as consistent with objective medical evidence, and opinion evidence. Id. The ALJ found the evidence failed to support Plaintiff's allegations of disabling symptoms and limitations. AR at 47. The ALJ determined the record does not document changed circumstances sufficient to rebut the presumption of continuing non-disability. Id. The ALJ relied upon a consultative internal medicine evaluation in April 2013, performed by Dr. Dao. The ALJ rejected the opinion of Dr. Brolaski who, the ALJ found, assessed limitations unsupported by the medical evidence of record, and rejected the opinion of Plaintiff's non-medical advocate which the ALJ described as having "inherent subjectivity/advocacy, vagueness/lack of functional specificity" and generally inconsistent with objective medical evidence of record. AR at 48. The ALJ also determined Plaintiff's pain complaints were disproportionate to the objective evidence. Id.

The ALJ determined Plaintiff was unable to perform any past relevant work but there were jobs that exist in significant numbers in the national economy he could perform. AR at 49. Ultimately, the ALJ concluded Plaintiff had not been under a disability as defined by the Act from the date of his application. AR at 50.

### III. Analysis

Plaintiff seeks reversal or remand of the instant matter. He argues the ALJ violated 20 CFR section 404.1527 by failing to evaluate and explain pertinent portions of the medical evidence of record. Plaintiff contends the ALJ ignored the neurological impairment evidence and physical impairment evidence. He further argues the ALJ committed reversible error in evaluating the severity of his depression and failing to find his depression is a severe impairment. Plaintiff maintains the unrebutted evidence of record from examining and treating medical providers documents his depression is moderately severe to severe.

Additionally, he argues the ALJ's finding the Plaintiff is capable of "simple work tasks with no public contact" is not based on substantial evidence. He contends the reasons for rejecting the opinions of Plaintiff's treating doctors is flawed. He further contends the

ALJ failed to do a comprehensive review of the current medical records and failed to provide a rational basis for disregarding new evidence in finding the record did not document changed circumstances sufficient to rebut the presumption of non-disability.

Defendant maintains the ALJ's obligation was to determine whether to apply the presumption of continuing non-disability and give effects to the prior ALJ's findings, which the ALJ did. Defendant argues the ALJ properly found Plaintiff failed to rebut the presumption of continuing non-disability because the only changed evidence in the new record is that Plaintiff's polysubstance abuse is no longer active and Plaintiff remained able to perform simple repetitive tasks in a non-public work environment. Defendant contends the ALJ found the change failed to rebut the presumption of continuing non-disability and the ALJ was bound by the ALJ's prior findings with respect to severe impairments, residual functional capacity or any other factors within Plaintiff's vocational profile.

Defendant further contends Plaintiff may use medical opinions/records relating to that earlier period and/or considered by the prior ALJ in support of his claim that he became disabled after July 2011, but they are less persuasive than they might be otherwise, because they were already considered and did not show disability and such evidence does not get stronger with the passage of time. Defendant also maintains Plaintiff refers to the opinions of Drs. Pena, Naimark and Carroll which relate to the period the prior ALJ considered, and the current ALJ specifically referred to the opinions in his decision. Defendant also argues Plaintiff contends the ALJ ignored medical evidence relating to his neurological impairments, but he refers to recurring issues that the current and prior ALJ considered, and has not provided evidence of greater limitations. Defendant maintains Plaintiff presented no evidence of new or worsening physical impairments. Additionally, Defendant maintains there was no indication that Plaintiff's depression was a new or worsened condition given Plaintiff's prior mental diagnoses and limitations. Thus, Defendant argues, all that evidence fails to support a change sufficient to rebut the presumption of continuing non-disability arising from the prior ALJ's decision. Defendant also argues, to the extent

the ALJ did not consider all of that evidence, Plaintiff fails to establish that any error was prejudicial.

Defendant further argues the ALJ properly assessed the new medical opinions and Plaintiff's credibility. Specifically, Defendant argues Plaintiff fails to properly explain how these opinions conflict with the ALJ's decision and, therefore, are conclusory or insufficiently developed, and may be waived. Nevertheless, Defendant contends the ALJ properly discredited Dr. Brolaski's opinion that Plaintiff had extreme functional limitations and was unable to meet competitive standards because he had organic brain damage and was in a wheelchair, because there was a significant inconsistency in light of the lack of medical evidence for the need of a wheelchair which suggested that Plaintiff exaggerated his symptoms, and noted other inconsistencies between the opinion and the medical evidence of record. With respect to Dr. Arsenault's opinion, Defendant contends Plaintiff does not explain what the ALJ failed to assess and argues, to the extent Plaintiff refers to a diagnosis of chronic pain, the issue was addressed. Defendant further contends the ALJ properly relied on the objective medical evidence in discounting Plaintiff's allegations, including largely normal examination findings, indications that Plaintiff's symptoms improved with medications, and the lack of referral to a specialist for more advanced care. Defendant argues Plaintiff did not present credible medical evidence or testimony rebutting the presumption, and thus, the ALJ properly adopted the prior ALJ's findings.

In reply, Plaintiff argues The ALJ improperly found Plaintiff failed to rebut the presumption of continuing non-disability because Plaintiff provided evidence of clearly established changed circumstances. Plaintiff maintains he provided new evidence that he suffers from increased severity of impairments, included: 1) severe depression; 2) Benign Paroxysmal Positional Vertigo ("BPPV"); and 3) dementia and memory impairments. He further maintains his symptoms of dizziness and vertigo had increased, and the ALJ incorrectly noted his treatment did not include pain medication and, therefore his physical impairment were not significant.

A final determination that a claimant is not disabled creates a presumption of continuing non-disability. Taylor v. Heckler, 765 F.2d 872, 875 (9th Cir. 1985). A claimant must demonstrate changed circumstances indicating a greater disability to overcome the presumption. Chavez v. Brown, 844 F.2d 691, 693 (9th Cir. 1988). The ALJ noted Plaintiff was no longer using illicit substances and is still capable of sustaining simple repetitive work tasks in a non-public work environment, in determining the record fails to demonstrate changed circumstances sufficient to rebut the presumption of non-disability. AR at 47. The ALJ specifically pointed to examinations in December 2011, April 2012, and August 2012 noting normal functioning in all areas including no psychological abnormalities. Id. The ALJ accorded little weight to medical sources statements from social service advocates which the ALJ deemed unsupported by contemporaneous objective findings from the mental health treatment records from 2013 and 2014 noting some memory and mood problems but generally a cooperative demeanor with full orientation and improved symptoms on medication. Id. The ALJ relied upon the consultative psychological evaluation in March 2013, which found mild symptoms and no mental-related functional limitations relating to sustaining all levels of work tasks, interacting with others and dealing with normal work pressures. Id. The ALJ also discussed the medical records relied upon by Plaintiff and determined, while they reported "oscillating reports of anxiety and depression" and "intermittent complaints concentration and focus problems," the findings noted stable and improved conditions when under medication and "intact memory, average intellect, and full orientation." Id. at 48.

Additionally, the ALJ determined Plaintiff's allegations of symptoms and pain were not supported by any medical etiology and not credible. Id. at 47, 48. Specifically, the ALJ cited to an MRI of the brain in March 2013, which was unchanged from prior studies in October 2008, and a consultative evaluation in April 2013, in which the examiner noted no abnormalities and no functional restrictions. Id.

Ultimately, the ALJ determined the record does not provide a reasonable basis for finding any greater level of limitations than simple repetitive tasks in a non-public work

environment and, therefore, Plaintiff fails to rebut the presumption of continuing non-disability. Id. at 48. Plaintiff points to dizziness as a changed circumstance, however, he fails to demonstrate this symptom indicates a greater disability to overcome the presumption. The ALJ reviewed the record and determined Plaintiff's symptoms did not support a finding of greater limitations than those found by the prior ALJ. Considering the record as a whole, the Court finds the ALJ's determination is supported by substantial evidence of record.

**CONCLUSION AND ORDER**

For the reasons set forth above, IT IS HEREBY ORDERED Plaintiff's motion for reversal or remand is DENIED and Defendant's cross-motion for summary judgment is GRANTED. The Clerk of Court shall enter judgment accordingly.

DATED: May 4, 2017

_____
JOHN A. HOUSTON
United States District Judge